UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF PUERTO RICO

| | |
|---|---|
| HIRAM TRABAL HERNANDEZ, ET AL. <br> Plaintiffs, <br><br> v. <br><br> SEALAND SERVICES, INC., ET AL. <br> Defendants. | CIV. NO. 98-1233(PG) |

### OPINION AND ORDER

Before the Court is Defendant Sealand Service's "Motion for Reconsideration of the Court's Denial of Summary Judgment on Trabal's Age Harassment Claim" (the "Motion for Reconsideration")(Def.'s Mot. Recons., Docket No. 59). Plaintiff subsequently filed his "Opposition to Sealand's Motion for Reconsideration of the Court's Opinion and Order Denying Summary Judgment on Hiram Trabal Hernandez's Age Discrimination Claim" (the "Opposition") (Pl.'s Opp'n Mot. Recons., Docket No. 61). For the reasons set forth below, Defendant's Motion for Reconsideration is **DENIED**.

A motion for reconsideration of an order to grant summary judgment is treated as a motion under Rule 59(e) of the Federal Rules of Civil Procedure. <u>Rosario Rivera v. PS Group of P.R., Inc.</u>, 186 F. Supp. 2d 63, 65 (D.P.R. 2002). <u>See generally</u> Fed. R. Civ. P. 59(e) ("Any motion to alter or amend a judgment shall be filed no later than 10 days after entry of judgment."). These motions should be granted to correct "manifest errors of law" or to present newly discovered evidence. <u>F.D.I.C. v. World Univ. Inc.</u>




Civil No. 98-1233(PG)                                                Page 2

978 F.2d 10, 16 (1st Cir. 1992); Nat'l Metal Finishing Co. v. Barclaysamerican/Commercial, Inc., 899 F.2d 119, 123 (1st Cir. 1990). Rule 59(e) motions cannot be used "to raise arguments which could have been raised prior to the issuance of the judgment." Pac. Ins. Co. v. Am. Nat'l. Fire Ins. Co., 148 F.3d 396, 403 (4th Cir. 1998). Neither are Rule 59(e) motions appropriate "to repeat old arguments previously considered and rejected." Nat'l Metal Finishing Co., 899 F.2d at 123; accord Berrios-Berrios v. Commonwealth of P.R., 205 F. Supp. 2d 1, 2 (D.P.R. 2002); Colón v. Fraticelli, 181 F. Supp. 2d 48, 49 (D.P.R. 2002). For these reasons, motions for reconsideration are "extraordinary remedies which should be used sparingly," Nat'l Metal Finishing Co., 899 F.2d at 123, and are "typically denied," 8 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2810.1, at 128 (2d ed. 1995).

On September 9, 2002, the Court issued an Opinion and Order denying in part, and granting in part, Defendant's Motion for Summary Judgment (Op. and Order, Docket No. 57). Specifically, the Court denied Defendant's Motion for Summary Judgment on the hostile working environment claim under the Age Discrimination in Employment Act. (Op. and Order at 21). Defendant had argued that Plaintiff could not establish a prima facie case of age discrimination because he never suffered adverse employment (Mot. Summ. J. Br. at 7-13). The Court distinguished, however, between claims of discrimination based on a hostile work environment and those based on *quid pro quo* harassment (Op. and Order at 13). The Court explained that when assessing a hostile work environment claim it must look at the totality of the circumstances to

Civil No. 98-1233(PG)                                                              Page 3

determine whether the workplace is permeated with "discriminatory intimidation, ridicule, and insult that is sufficiently severe or pervasive to alter the conditions of the victim's employment" (Op. and Order at 14). After examining the record, the Court found sufficient factual disputes to deny the summary judgment motion (Op. and Order at 20).

Defendant now contends that the Court "overlooked the fact" that the incidents and comments upon which the Court relied to deny the summary judgment motion "lack the indispensable element of being motivated [by Plaintiff's] age" and consist of "inadmissible speculation and unsupported conclusions" (Deft.'s Mot. Recons. at 1). Defendant specifically refers to the allegations surrounding the disciplinary memo, the computer assignments, Mr. Barreto's comments, and the transfers and reassignments. (Deft.'s Mot. Recons. at 6-13). Defendant, however, already had presented the same arguments related to these same incidents in his Reply (Deft.'s Reply to Pl.'s Opp. Summ. J., Docket No. 53, at 9-15). Moreover, Defendant's argument ignores this Court's holding that this case involves a hostile work environment claim. The Court explained it once and does so again: The question is whether in the *totality of the circumstances* the evidence could suggest a hostile working environment so pervasive and severe as to alter the Plaintiff's conditions of employment. Defendant does not appear to be challenging the appropriateness of this standard. Instead, he disagrees with this Court's finding that a reasonable jury, taking together all the evidence and examining it under the totality of the circumstances, could make such a finding. That Defendant has a difference of opinion with the Court in this matter is not grounds

Civil No. 98-1233(PG)                                                          Page 4

for reconsideration under Rule 59(e).

    Defendant's reconsideration neither presents new evidence nor alleges clear errors of law. Neither does it raise novel theories of law. Instead, Defendant disagrees with the Court's finding that under the totality of the circumstances approach a jury *could* find a hostile environment. The arguments underlying this disagreement already were presented to the Court, and the Court rejected them. Because Defendant is asking for reconsideration under Rule 59(e) "to repeat old arguments previously considered and rejected," Nat'l Metal Finishing Co., 899 F.2d at 123, the Motion for Reconsideration is **DENIED**.

    **SO ORDERED.**

    San Juan, Puerto Rico, _November 1_, 2002.

                                        /s/ JUAN M. PÉREZ-GIMÉNEZ
                                        U.S. District Judge